UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation, | No. 2:12-cv-01489-MCE-DAD |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation, | |
| Defendant. | |

Presently before the Court is a Motion for Leave to File a Second Amended Complaint filed by Plaintiff American States Insurance Company ("Plaintiff") in the above-referenced action, which is a dispute between insurers as to what defense obligations were owed to Sierra Pacific Industries ("Sierra") after Sierra was sued as a result a 2007 forest fire in Plumas County, California (the so-called "Moonlight Fire"). Plaintiff alleges that Defendant Insurance Company of the State of Pennsylvania ("ISOP") improperly failed to pay its share of defense costs incurred in defending Sierra in the underlying post-fire claims.

///

///

Plaintiff now seeks to amend its complaint to add, <u>inter alia</u>, allegations pertaining to the settlement of the underlying claim in July of 2012, after the initial complaint in this matter was filed. Plaintiff alleges that ISOP, as well as another carrier, Lexington, improperly tendered their policy limits at that time in order to avoid any further defense obligations despite having failed to secure releases for some involved parties, including Sierra. Plaintiff also contends that because ISOP's umbrella policy did not identify underlying primary coverage, and because certain of the claims against Sierra were not subject to such coverage in any event, then ISOP has a continuing obligation to defend despite its tender.

Federal Rule of Civil Procedure 15(a), under which Plaintiff's Motion is brought, provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The policy of favoring amendments to pleadings, as evinced by Rule 15(a), is delegated to the court's sound discretion and "should be applied with extreme liberality." <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). It would be an abuse of discretion to deny a motion to amend under Rule 15(a) where there is a lack of prejudice to the opposing party and the proposed amended complaint is neither futile nor sought in bad faith. <u>Yakima Indian Nation v. Wash. Dept. of Revenue</u>, 176 F.3d 1241, 1246 (9th Cir. 1999).

This case is in its early stages and, according to Plaintiff, no discovery has yet commenced. Although Plaintiff has already filed a First Amended Complaint, that amendment was effectuated on June 5, 2012, just four days after the action was initially instituted on June 1, 2012. According to Plaintiff, the First Amended Complaint was prepared only to include exhibits which had inadvertently been omitted when the action was filed four days earlier and contained no substantive revisions. There is no indication of any undue prejudice, dilatory motive or bad faith that would warrant denial of Plaintiff's request to file a Second Amended Complaint at this time.

///

///

While ISOP appears to argue that allegations concerning Lexington should best be addressed in a separately filed lawsuit, from a standpoint of judicial economy, that makes little practical sense since a second action stemming from the same underlying facts would likely be related and/or consolidated with the initially filed action.  Nor can the Court determine at this point that the proposed amendment would be futile, particularly given the "extreme liberality" standard under which proposed amendments under Rule 15(a) should be assessed.  <u>Webb</u>, 665 F.2d at 979.  Finally, although ISOP argues that the First Amended Complaint cannot in any event survive the concurrently pending motion to dismiss filed by ISOP on August 14, 2012, and contends that the proposed Second Amended Complaint does not rectify those shortcomings, any adjudication in that regard must await a fully-briefed challenge to the Second Amended Complaint.

Given the foregoing, Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 19) is GRANTED.[1]  Plaintiff is directed to file the proposed Second Complaint, as attached to the instant motion, not later than ten (10) days following the date this Order is electronically filed.  Since the Court will therefore allow a complaint which supersedes the First Amended Complaint, ISOP's previously filed Motion to Dismiss the First Amended Complaint (ECF NO. 17) is denied  as moot.

IT IS SO ORDERED.

Dated:  March 8, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).