LISA L. PAN, SBN: 188442
**THE BIERNAT LAW GROUP**
1633 Bayshore Hwy, Suite 133
Burlingame, California  94010
Telephone:    650-689-5160
Facsimile:    650-689-5587

Attorneys for Plaintiff
AMERICAN STATES INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation<br><br>                    Plaintiff,<br><br>      v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation<br><br>                    Defendant. | Case No. 2:12-CV-01489-MCE-AC<br><br>(Related With Case No: 2:11-CV-00346-MCE-JFM)<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER** |

This matter came before the undersigned upon the Motion of American States Insurance Company ("ASIC") for a Protective Order.  Insurance Company of Pennsylvania ("ISOP") agreed to certain provisions in ASIC's Proposed Protective Order but opposed certain proposed provisions and proposed certain additional language.  The court has reviewed the following documents:

  1.  Notice and Motion for Protective Order

  2.  Joint Statement

    3.    Declarations of Jerry Strawn, Rhonda Cully, Brenda Bissett, Lisa Pan, James Drake and Frank Kaplan, and exhibits (if any) thereto.

The court also heard oral argument on January 7, 2015.  On January 14, 2015, the Honorable Magistrate Judge Allison Claire issued an Order on the motion, a copy of which is attached hereto and labeled Exhibit B.  Based upon said Order, the court issues the following Protective Order binding the parties hereto:

The court finds that "good cause" exists for the issuance of this Protective Order, specifically, a court order is necessary in order to facilitate the exchange of information through discovery and other means, to protect potentially confidential information from being disseminated or used for purposes outside this case, and to avoid inadvertent waiver of applicable privileges;

ASIC and ISOP ("The Parties") shall be bound by the following Protective Order:

### **Definitions**

1.    The term "Related Action" shall refer to that lawsuit titled *Sierra Pacific Industries v. American States Insurance Company*, United States District Court, Eastern District of California, Case No. 2:11-cv-00346-MCE-JFM (Related Case Order filed July 19, 2012, Docket Entry #88) .

2.    The term "Moonlight Fire Lawsuits" shall refer to the lawsuits identified in paragraphs 22, 23, 30 to 33 of ASIC's Third Amended Complaint herein (Docket Entry #41)

3.    The term "Confidential Information" will mean and include information contained or disclosed in any materials that is designated as Confidential Information by the producing Party, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom.  Confidential Information may include, but is not limited to:  internal claims handling guidelines and procedures; underwriting files; pricing models

**PROTECTIVE ORDER**    **2**

and calculations; account strategy; and an individual's personal, health, or financial information.  Confidential Information may also include documents, materials or information relating to Sierra Pacific Industries' ("SPI's") litigation strategy or substantive claims or defenses in the underlying Moonlight Fire Lawsuits and information and documents obtained by any Party through the Related Action that were designated as Confidential Information under the Protective Order entered in the Related Action.

4. The term "materials" shall mean and include, without limitation, any and all "documents" and other items identified in and within the scope of FED. R. CIV. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in FED. R. EVID. 1001(1), including, but not limited to:  documents; correspondence; memoranda; bulletins; telegrams; letters; statements; guidelines and policies; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; and other writings.

5. The term "Counsel" will mean either Party's outside counsel, and other attorneys, paralegals, secretaries, and other support staff employed in those law firms.

6. The terms "Employee" and "Employees" shall refer to the respective officers, directors and employees of the Parties or any affiliates of the Parties, including but not limited to the Parties' or their affiliates' claims personnel, employed counsel, technical personnel, clerical personnel, or support staff.

### General Rules

1. Each Party to this litigation that produces or discloses any materials or information that the producing Party believes constitutes Confidential Information that should be subject to this Protective Order may designate the same as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" only if it contains or consists of (i) trade secrets

**PROTECTIVE ORDER** 3

or competitively sensitive technical, financial, marketing or other commercial information; (ii) information potentially prejudicial to SPI's litigation strategy or substantive claims or defenses in the underlying Moonlight Fire Lawsuits; or (iii) information obtained through the Related Action and which is designated as Confidential Information and subject to the Protective Order in place in the Related Action.  The producing Party may designate material "confidential" by clearly marking each page "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  Material produced without such a marking is not confidential and is not protected by this Order.

2. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party or of SPI, the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until fourteen (14) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  Original deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" as appropriate.

3. Information designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" shall be viewed only by Counsel (as defined in paragraph 5) of the receiving Party, the Employees (as defined in paragraph 6) of the receiving Party, and by the additional individuals listed below, provided each such additional individual listed below has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by signing the agreement attached hereto as Exhibit A:

    (a) Independent experts retained by the Parties or their counsel to consult or testify in connection with this case; and

**PROTECTIVE ORDER** 4

(b) Any other person or entity identified by a written agreement or stipulation between the Parties. To the extent that either Party has a disclosure obligation to regulators, auditors, reinsurers and/or accountants and any one of those identified individuals requests access to the other Party's Confidential Information disclosed in this case, then such information shall be provided without the individual needing to execute Exhibit A hereto.

4. With respect to material designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same without signing Exhibit A.

5. Without a Court order or written permission from the producing Party, a Party that desires to submit Confidential Information to the Court must file it under seal in accordance with Local Rule 141.

6. At any stage of these proceedings, any Party may object to a designation of materials as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." The Party objecting to the confidentiality designation must notify Counsel for the designating Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved between the Parties within seven (7) days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. The Party designating material as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" bears the burden of proof. The materials at issue must be treated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" pursuant to the terms of this Protective Order, until the Court has ruled on the objection or the matter has been resolved by agreement of the Parties.

7. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of litigating this action or adjusting the underlying claims. Counsel for each Party, and each person receiving Confidential

**PROTECTIVE ORDER** 5

Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

8. If Confidential Information is disclosed by a Party other than the producing Party to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must, within seven (7) days of discovering the unauthorized disclosure, (1) notify the unauthorized recipient that the disclosed material is confidential pursuant to the terms of this Order; (2) provide the unauthorized recipient with a copy of this Order; (3) request that the unauthorized recipient immediately destroy all copies of the Confidential Information in his or her possession and refrain from disclosing the Confidential Information to anyone else; and (4) notify the producing Party of the unauthorized disclosure and the completion of steps 1, 2 and 3 above.

9. Nothing in this Order authorizes discovery that is otherwise improper under the Federal Rules of Civil Procedure.

10. Upon final termination of this action, including any appeals, the Parties, their respective Counsel and Employees (as defined in paragraphs 5 and 6, respectively), and any other person to whom Confidential Information has been provided in accordance with paragraph 3 above, will continue to be bound by this Order with respect to all Confidential Information.

11. SPI billings and invoices for attorneys' fees, expert fees and other litigation expenses shall be marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and subject to this Order. These materials disclose attorney work-product and attorney-client privileged communications, of which the disclosure to third parties could result in claims of waiver of the privilege and potentially result in disclosure of sensitive litigation strategy to SPI's litigation opponents in the Moonlight Fire Lawsuits.

12. All documents marked "ATTORNEY-CLIENT PRIVILEGED," "WORK-PRODUCT PROTECTION," "," OR "CONFIDENTIAL," in the Related Action shall be similarly designated or designated "CONFIDENTIAL PURSUANT TO

**PROTECTIVE ORDER** 6

PROTECTIVE ORDER" in this action and subject to this Order. The extension of confidentiality of these documents to this action is necessary to protect the parties against claims of waiver of privilege and potential disclosure of sensitive litigation strategy to SPI's litigation opponents in the Moonlight Fire Lawsuits.

13. To protect the confidentiality of the settlements and avoid jeopardizing SPI's ongoing defense in the Moonlight Fire Lawsuits, the settlement agreements between ASIC and SPI, and between ISOP and SPI, shall be marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and subject to the provisions of this Order.

14. In lieu of producing individual checks, as evidence of payments made by either of them, the Parties may produce computerized payment screens or payment ledgers showing payments made by them towards SPI's defense fees and costs in the Moonlight Fire Lawsuits.

15. Transmission by email or facsimile is acceptable for all notification purposes within this Order.

16. The Parties may modify this Order by agreement, subject to Court approval.

**SO ORDERED.**

Dated: February 20, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**THE BIERNAT LAW GROUP**
LISA L. PAN, SBN: 188442
1633 Bayshore Hwy, Suite 133
Burlingame, California 94010
Telephone:   650-689-5160
Facsimile:    650-689-5587

Attorneys for Plaintiff
AMERICAN STATES INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation<br><br>Defendant. | Case No. 2:12-CV-01489-MCE-CKD<br><br>(Related With Case No: 2:11-CV-00346-MCE-JFM)<br><br>EXHIBIT A: DECLARATION OF _____ CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER |

    I, _____, declare the following:

    1.    I have read and I understand the Stipulated Protective Order entered in <u>American States Insurance Company v. Insurance Company of the State of Pennsylvania</u>, United States District Court, Easter District of California, Case No. 2:12-CV-01489-MCE-CKD, and I agree to be bound by its terms.

**PROTECTIVE ORDER**                                                                                                  **8**

2. In addition, I consent to the jurisdiction of the Eastern District Court of California with respect to any actions of any kind whatsoever relative to the enforcement of the Stipulated Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

My address is :       _____
                     _____
                     _____

My telephone number is: _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_, at _____, State of _____.

_____
        (Signature)