UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, | No. 2:12-cv-01489-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | |
| Defendant. | |

On March 23, 2016, this Court issued its Memorandum and Order (ECF No. 156) granting Plaintiff's Motion for Summary Judgment (ECF No. 85) on grounds that Defendant Insurance Company of the State of Pennsylvania ("ICSOP") had a primary duty to defend its insured, Sierra Pacific Industries ("Sierra") in various lawsuits arising from the so-called "Moonlight Fire." The Court concurrently denied Defendant's correspondingly heard Motion for Summary Judgment (ECF No. 99). Through the Motion now before this Court, (ECF No. 162) Defendant ICSOP asks the court to reconsider its decision pursuant to Federal Rule of Civil Procedure 54(b).[1]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

The touchstone from which ICSOP seeks reconsideration rests with two typographical errors made by the Court in the Background section of its March 23, 2016 Memorandum and Order. When quoting the language from Plaintiff American States' Liability Plus Endorsement, under the terms of which Sierra was made an additional insured under the Commercial General Liability ("CGL") policy issued to Howell's Forest Harvesting ("Howell"),[2] the Court twice substituted "Sierra" in place of "you" when "you" should have referred to the named insured, Howell, as opposed to Sierra. ICSOP uses this error to argue that the Court reached the conclusions it did only by rewriting the relevant policy language. Despite the fact that the Court's Analysis section rectified that error in correctly replacing "Howell" for "you" in explaining the basis for the Court's ruling,

---

[2] Sierra hired Howell to perform certain timber harvest operations on a parcel of land in Plumas County, California, for which Sierra had obtained harvesting rights. Under the terms of the logging agreement between Howell and Sierra, Howell was required to obtain CGL insurance and to name Sierra as an additional insured under its CGL policy.

1  ICSOP takes the position that, rather than rectifying the earlier mistake, this instead
2  indicated that the relevant language of the Liability Plus Endorsement was capable of
3  two different interpretations.  Although ICSOP does not directly say so, it appears they
4  claim that reconsideration is warranted on grounds that the Court's decision was made in
5  clear error.

6       The Court disagrees, and finds that its misappellation when quoting the terms of
7  the Liability Plus Endorsement amounts to no more than a clerical mistake.  As indicated
8  above, this is evidenced by the fact that in the all-important Analysis section of the
9  Memorandum and Order, where the Court explains the reasoning employed in making
10 its decision, the Court correctly inserted "Howell" for "you" in referencing the
11 Endorsement, stating:  "Contrary to Defendant's suggestion, the 'only to the extent
12 [Howell] is held liable' language . . . limits coverage solely to Sierra's liability for Howell's
13 conduct." ECF No. 156, 8: 24-26.  This makes clear that in analyzing the terms of the
14 Endorsement, there was no error.  Moreover, as American States points out, the Court
15 did not base its decision solely on the Endorsement's "to the extent" language in any
16 event.  As the Court stated:

> Here, it is not just the "to the extent" language in [American's] policy that limits [American's] coverage of Sierra. [American's] policy also provides:  "Coverage shall be limited to the extent of [Howell's] negligence or fault according to the applicable principles of comparative fault." That language, read in conjunction with the "to the extent" provision, further indicates that [American's] policy limits coverage solely to Sierra's liability for Howell's conduct.

22 Id. at 9:5-10.

23      Consequently, while the Court recognizes its clerical error, it rejects any notion
24 that said error affected its decision.  There is no "clear error" or "manifest injustice" as a
25 result of the error; instead, the only remedial step the Court needs to take at this point is
26 to file an Amended Memorandum and Order rectifying the mistake.[3]

---

[3] By the Amended Memorandum and Order filed concurrently with this Order, the Court has done just that.

3

While Defendant's Motion for Reconsideration also seeks to revisit other matters already decided by the Court's March 23, 2016 Order, in doing so it improperly attempts to take a "second bite" at issues already decided against it.  Reconsideration is "not to be used to ask the court to rethink what it has already thought through—rightly or wrongly."  Clarke v. Upton, 2012 WL 6691914 at *1 (E.D. Cal. Dec. 21, 2012).  In other words:

> Motions to reconsider are. . . . "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented."  Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."

Cachil Dehe Band of Wintun Indians v. California, 649 F. Supp. 2d 1063, 1069-70 (E.D. Cal. 2009) (citations omitted).  Nor are motions for reconsideration "the place for parties to make new arguments not raised in their original briefs." Clarke v. Upton, 2012 WL 6691914 at *1.  Instead, reconsideration is indicated here only if the Court committed "clear error" in its previous decision.  The Court concludes that it did not, and finds that ICSOP has not met its burden in making any such showing.

For all these reasons, ICSOP's Motion for Reconsideration (ECF NO. 162) is DENIED.[4]

IT IS SO ORDERED.

Dated:  March 27, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).